503 F.2d 952
 LA FORTUNE Substituted for Jones & McKnight, Inc., Plaintiff-Appellant,
v.
S.S. IRISH LARCH, her engines, etc., et al., Defendants.
IRISH SHIPPING, LTD., Defendant and Third-Party Plaintiff-Appellee,
v.
CHR. SALVESEN & CO., LTD., et al., Third-Party Defendants.
 No. 42, Docket 74-1345.
 United States Court of Appeals, Second Circuit.
 Submitted Sept. 24, 1974.
Decided Oct. 9, 1974.
 
 Donovan, Donovan, Maloof & Walsh, New York City, Charles C. Goodenough, New York City, of counsel, for plaintiff-appellant.
 Healy & Baillie, New York City, Jack A. Greenbaum, New York City, of counsel, for defendant-appellee Irish Shipping, Ltd.
 Before LUMBARD, FEINBERG and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant La Fortune, subrogated underwriter of a shipper, appeals from a judgment of the United States District Court for the Southern District of New York, Charles M. Metzner, J., dismissing after an admiralty trial La Fortune's claim against defendant shipowner, Irish Shipping, Ltd., for cargo damage to coils of bright basic wire. In an unreported memorandum opinion, the judge based his decision upon two clauses in the Carriage of Goods by Sea Act. The first provides that the carrier shall not be responsible for damage to goods 'if the nature or value thereof has been knowingly and fraudulently misstated by the shipper in the bill of lading.' 46 U.S.C. 1304(5). The second clause similarly relieves the carrier of liability if the damage results from 'Insufficiency of packing.' 46 U.S.C. 1304(2)(n).
 
 
 2
 Appellant attacks the district court's findings applying these exceptions. As to the former, the goods were inaccurately described in the bill of lading, thus reducing the freight rate from $35-$40 a ton to approximately $15 a ton. That document by its terms contained the 'Shipper's Description of the Goods,' and there was testimony from which the judge could conclude that it is customary for the shipper or his agent to prepare the bill of lading. In addition, while the judge did not use the word 'fraudulent,' it is clear in context that his finding that 'the shipper knowingly misstated the nature and value of the shipment,' amounted to a finding of 'knowingly and fraudulently misstated.' As to the second exception, at least one witness examined pictures of the original binding and testified that it was inadequate while the opposing evidence offered by plaintiff was inconclusive at best. In sum, none of the judge's key findings was clearly erroneous.
 
 
 3
 Judgment affirmed.